UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ENRIQUE ZAPATA REYNA,**

        **Plaintiff,**

v.                                          Case No:   6:16-cv-1319-Orl-41GJK

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## REPORT AND RECOMMENDATION

Enrique Reyna (the "Claimant") appeals to the District Court a final decision of the Commissioner of Social Security (the "Commissioner") denying his application of Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Doc. No. 1. Claimant argues that the Administrative Law Judge (the "ALJ") erred by failing to apply the correct legal standards when she found Claimant was not disabled based on Medical Vocational Rule 202.16 (the "grids"). Doc. No. 13 at 9. Claimant requests that the Commissioner's decision be reversed and remanded for further proceedings. Id. at 13-14. For the reasons set forth below, it is **RECOMMENDED** that the Commissioner's final decision be **AFFIRMED**.

**I.    FACTUAL BACKGROUND**

On February 16, 2011 and July 27, 2012, Claimant filed applications for SSI and DIB. R. 368-376, 385-393. Claimant alleges a disability onset date of November 12, 2010. R. 516. Claimant's claims were denied initially and upon reconsideration. Doc. No. 13 at 15. On July 31, 2012, Claimant attended a hearing before the ALJ. R. 77-113. On August 16, 2012, the ALJ issued an unfavorable decision. R. 124-138. Claimant later requested review of the ALJ's decision. R.

223. On February 7, 2014, the Appeals Council remanded Claimant's case for further administrative proceedings. R. 163-166. On December 17, 2014, a second administrative hearing was held before the ALJ. R. 51-76. On February 13, 2015, the ALJ issued another unfavorable decision. R. 11-33. Claimant later filed his request for review. R. 10. On May 20, 2016, the Appeals Council denied Claimant's request. R. 1-9. On July 22, 2016, Claimant filed this appeal. Doc. No. 1.

## II.    STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982) and Richardson v. Perales, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. Edwards v. Sullivan, 937 F.2d 580, 584 n.3 (11th Cir. 1991); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Foote, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" See Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983)).

### III.     EXCLUSIVE RELIANCE ON THE GRIDS

At step five of the sequential evaluation process, the ALJ uses a claimant's residual functional capacity ("RFC"), age, education, and work experience to determine if other work is available in significant numbers in the national economy that the claimant can perform.[1] Phillips v. Barnhart, 357 F.3d 1232, 1239 (11th Cir. 2004). At step five, the Commissioner bears the burden to show the existence of such jobs. Id. at 1241 n.1 (citing Wolfe v. Chater, 86 F.3d 1072, 1077 (11th Cir. 1996)). "There are two avenues by which the ALJ may determine whether the clamant has the ability to adjust to other work in the national economy." Id. at 1239. First, the ALJ may apply the grids, found in 20 C.F.R. part 404, subpart P, appendix 2. Id. at 1239-40. Second, the ALJ may consult a vocational expert ("VE") and pose hypothetical questions to the VE to establish whether someone with the claimant's impairments would be able to find employment. Id. at 1240.

Exclusive reliance on the grids is not appropriate when the "claimant is unable to perform a full range of work at a given residual functional level or when a claimant has nonexertional impairments that significantly limit basic work skills." Phillips, 357 F.3d at 1242 (internal quotations omitted). "In this circuit, as a threshold for exclusively relying on the grids, the ALJ must find that the nonexertional limitations do not significantly limit the claimant's basic work activities." Johnson v. Colvin, No: 8:14-cv-41-T-27TBM, 2015 WL 1423127, at *2 (M.D. Fla. Mar. 27, 2015) (citations omitted). When considering nonexertional impairments, the ALJ "need only determine whether [the] nonexertional impairments significantly limit … basic work skills,"

---

[1] The Social Security regulations delineate a five-step sequential evaluation process for determining whether a claimant is disabled. Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999) (citing 20 C.F.R. § 404.1520). The ALJ must determine: 1) whether the claimant has engaged in substantial gainful activity; 2) whether the claimant has a severe impairment; 3) whether the severe impairment meets or equals the severity of one of the listed impairments; 4) whether the claimant has the residual functional capacity ("RFC") to perform his or her past relevant work; and 5) whether (considering the claimant's RFC, age, education, and work experience) the claimant could perform other work within the national economy. Id.

which includes a wide range of work at a given work level. <u>Phillips</u>, 357 F.3d at 1243. If the ALJ determines that a claimant's nonexertional limitations do not significantly limit basic work skills at the assigned work level, the ALJ may exclusively rely on the grids to determine whether claimant is disabled. <u>Id.</u> However, if the ALJ determines that a claimant's nonexertional limitations significantly limit basic work skills at the assigned work level, then the ALJ must consult a VE. <u>Id.</u>

## IV.   ANALYSIS

### A. The ALJ's Opinion

At the December 17, 2014 hearing, the ALJ posed the following hypothetical to the VE:

> Let's take a hypothetical 42-year-old claimant with marginal education, able to lift 10 pounds occasionally, less than 10 pounds frequently. Stand and walk for up to two hours in an eight-hour workday, sit for up to six. Who ambulates with the use of a cane. Who is limited to only occasional climbing, bending, kneeling, crouching, and crawling. Must never climb ropes, ladders, or scaffolds. Who must avoid concentrated exposure to hazards such as heights and machinery…

R. 72. After considering the hypothetical, the VE determined that Claimant could perform other jobs within the national economy, namely that of a table worker, lens inserter, and ampule sealer. R. 73.

At step four, the ALJ determined that Claimant had the following RFC:

> After careful consideration of the entire record, the undersigned finds that [Claimant] has the [RFC] to perform the full range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he can stand and walk up to 2, <u>but ambulates with a cane</u>; he can sit up to 6, <u>but can occasionally climb, bend, knee[l], crouch, and crawl. He cannot climb ropes, ladders, or scaffolds and should avoid concentrated exposure to hazards such as heights and machinery.</u>

R. 20-21 (emphasis added).[2] Thus, the ALJ found that Claimant is able to perform a full range of sedentary work with nonexertional limitations, namely that Claimant: requires the use of a cane; can occasionally climb, bend, kneel, crouch, and crawl; cannot climb ropes, ladders, and scaffolds; and should avoid concentrated exposure to heights and machinery. Id.

At step five, the ALJ did not rely on the VE's testimony, but exclusively relied on the grids to determine that Claimant is not disabled. R. 25. In justifying her reliance on the grids, the ALJ only states that "based on [an RFC] for the full range of sedentary work, considering Claimant's age, education, and work experience, a finding of 'not disabled' is directed by [the grids]." R. 25. The ALJ did not mention how any of the aforementioned nonexertional limitations limited Claimant's ability to perform a full range of sedentary work. Id.

Claimant argues that the ALJ failed to apply the correct legal standards by exclusively relying on the grids given Claimant's nonexertional limitations. Doc. No. 15 at 7-9. The Commissioner argues that: 1) the ALJ did not err in exclusively relying on the grids because she determined that Plaintiff could perform a full range of sedentary work despite these limitations; and 2) such an error was harmless because the VE testified that Plaintiff could perform other work in the national economy. Doc. No. 13 at 11-12.

The Court finds that the ALJ erred by exclusively relying on the grids in determining that Claimant is not disabled. The ALJ's RFC finding includes nonexertional limitations that are not included in the definition of basic sedentary work, namely that Claimant: 1) requires the use of a

---

[2] 20 C.F.R. § 404.1567 (a) defines "sedentary work" as that involving "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves setting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. Social Security Ruling 83-10 elaborates on the regulation, providing that: "'[o]ccassionally' means occurring from very little up to one-third of the time" and that "periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday." See also Kelley v. Apfel, 185 F.3d 1211, 1213 n.2 (11th Cir. 1999).

cane to ambulate; and 2) should avoid concentrated exposure to heights and machinery.[3] R. 21. See Walker v. Bowen, 826 F.2d 996, 1003 (11th Cir. 1987) ("[claimant] has two non-exertional impairments which appear severe enough to preclude application of the grids: pain and the inability to walk without an assistive device") (emphasis added); Williams v. Halter, 135 F.Supp.2d 1225, 1238-39 (M.D. Fla. 2001) (finding error when the ALJ exclusively relied on the grids to find a claimant disabled after limiting him to sedentary work with a nonexertional limitation of avoiding heights and dangerous machinery).[4]

As stated above, the ALJ found that Claimant had the RFC to perform a full range of sedentary work, but requires the use of a cane to ambulate and is unable to work around heights and machinery. R. 20-21. The ALJ, however, does not state whether such requirements limit Claimant's ability to perform a full range of sedentary work. Instead that ALJ only states: "based on an [RFC] for the full range of sedentary work … a finding of "not disabled" is directed by [the grids]." R. 25. When the ALJ finds that Claimant has nonexertional limitations, the ALJ cannot proffer such a conclusory statement to justify her exclusive use of the grids. Without a finding as to whether the Claimant's use of a cane and avoidance of heights and machinery limit Claimant's

---

[3] The Court notes that Claimant's RFC contained two additional nonexertional limitations, namely that Claimant can: occasionally climb, bend, kneel, crouch, and crawl; and cannot climb ropes, ladders, and scaffolds. R. 21. The court finds that these limitations do not limit Claimant's ability to perform a full range of sedentary work and thus need not be addressed. See Bressette v. Comm'r of Soc. Sec., 5:12-cv-550-OC-18PRL, 2014 WL 116877, at * 3 (M.D. Fla. Jan. 13, 2014) (citing SSR 96-9) (noting that ""[p]ostural limitations or restrictions related to such activities as climbing ladders, ropes, or scaffolds, balancing, kneeling, crouching, or crawling would not usually erode the occupational base for a full range of unskilled sedentary work significantly because those activities are not usually required in sedentary work").

[4] Claimant cites to Social Security Ruling 85-15 for the proposition that a nonexertional limitation restricting Plaintiff from heights and dangerous machinery does not significantly limit a claimant's ability to light (and therefore sedentary) work. Doc. No. 13 at 11. This District has already addressed this argument. "SSR 85–15 does not address an inability to work around any dangerous machinery in sedentary employment, where approximately 85% of the unskilled occupations that exist throughout the national economy are in the machine trades and benchwork categories… In this case, [Claimant] has physical, exertional limitations, as well as non-exertional limitations. The applicability of SSR 85–15 is thus not apparent on its face." Williams, 135 F.Supp.2d 1239 (internal citations omitted). Because Claimant is also limited to sedentary work with exertional and nonexertional limitations, the Court finds this case persuasive.

ability to perform a full range of sedentary work, the Court cannot make a determination that the ALJ's exclusive reliance on the grids is based on substantial evidence. See Johnson, 2015 WL 1423127 at *3 (noting that "remand is required because the ALJ did not make finding that [Claimant's] nonexertional limitations significantly limit his basic work skills. Absent such a finding, exclusive reliance on the grids was error") (citing Walker, 826 F.2d at 1003). Accordingly, the Court finds that the ALJ erred by exclusively relying on the grids without determining whether Claimant's nonexertional limitations significantly limit his ability to perform a full range of sedentary work.

### B.  Harmless Error

The Commissioner argues that the ALJ's reliance on the grids was harmless error because the VE testified that Claimant could perform other work within the national economy. Doc. No. 13 at 12. Claimant states that the Commissioner's argument is a post hoc justification of the ALJ's decision. Id. at 9. The Court views the Commissioner's argument as a harmless error argument rather than a post hoc justification.[5]

At the hearing, the ALJ posed a hypothetical to the VE matching her RFC finding. R. 72. Based on the ALJ's hypothetical, the VE determined that Claimant could perform other jobs within the national economy, namely that of a table worker, lens inserter, and ampule sealer. R. 73. However, at step five, the ALJ did not rely on the VE's testimony and instead exclusively relied on the grids. R. 25.

The Court finds the ALJ's error is harmless. Though the ALJ erred by exclusively relying on the grids, the Court finds that remand would not change the outcome of the case because the VE testified that Claimant could perform other jobs within the national economy. R. 72. See also

---

[5] The Court also notes that Claimant does not challenge the hypothetical presented to the VE.

Mills v. Astrue, 226 Fed.Appx. 926, 931-32 (11th Cir. 2007) ("[W]hen an incorrect application of the regulations results in harmless error because the correct application would not contradict the ALJ's ultimate findings, the ALJ's decision will stand").[6]

In Boyd v. Astrue, No: CA 09-0322-WS-C., 2010 WL 366698 (S.D. Ala. 2010), the court found harmless error in a similar situation. In Boyd, the ALJ exclusively relied on the grids despite vocational expert testimony finding that Claimant could perform work as a hand packager, wire harness assembler, and electronics assembler. Id. at *3. The Court later found that the ALJ's exclusive reliance on the grids was "harmless error, in light of the [VE's] testimony and the clear evidence of record that a limited range of light work exists in substantial numbers in the economy that [claimant] is capable of performing." Id. at *3 n.3. The Court finds Boyd persuasive. Accordingly, the Court finds no harmful error in the ALJ's exclusive reliance on the grids.

For the reasons stated above, it is **RECOMMENDED** that the Court:

1. **AFFIRM** the Commissioner's final decision; and
2. Direct the Clerk to enter judgment in favor of the Commissioner and close the case.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

---

[6] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. See 11th Cir. R. 36-2.

Recommended in Orlando, Florida on February 7, 2017.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy